GUNTHER, Judge.
We affirm the trial court on all issues raised by the parties on appeal and cross appeal except for the special equity issue raised by both the wife and husband. We reverse and remand for the trial court to reconsider the real property special equity award to the wife in light of her outstanding obligation on the FMHA promissory note of 1984.
The trial court awarded the wife a $15,-0P0 special equity in real property titled in her husband’s name. We affirm the award of an interest in the disputed property, but do so on the theory that the property was a marital asset subject to equitable distribution. Canakaris v. Canakaris, 382 So.2d 1197, 1200-01 (Fla.1980). However, as to the amount of the award, we reverse.
Since the wife is still obligated on the jointly executed promissory note used to finance the entire purchase price of the disputed property, she is entitled to a larger award than a $15,000 interest in the $181,600 piece of property. At the time of the final hearing, nearly $153,000 was still owed on the property for which the wife could be held responsible. Accordingly, we hold that the trial court abused its discretion in only awarding the wife an 8% interest in the property.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ANSTEAD, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.